IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON, SC

2025 APR 22  AM 10: 07

Keith Dunbar,

Plaintiff,

v.

FedEx Ground Package System, Inc.,

Defendant.

COMPLAINT

I. JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, including the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and Title VII of the Civil Rights Act of 1964.

2. Venue is proper in this District under 28 U.S.C. § 1391 because the events giving rise to the claims occurred in this District and the Defendant operates in this District.

II. PARTIES

3. Plaintiff Keith Dunbar is a resident of South Carolina and was an employee of FedEx Ground Package System, Inc. at its facility in Ladson, South Carolina (Station 0294).

4. Defendant FedEx Ground Package System, Inc. is a corporation doing business in South Carolina, including at the location where Plaintiff was employed.

III. STATEMENT OF FACTS

5. On June 10, 2024, Plaintiff sustained a work-related injury-a fractured wrist-while performing duties as a package handler.

6. Plaintiff sought immediate emergency care and was placed on medical restrictions, including light duty and limited mobility.

7. Despite these restrictions, managers repeatedly attempted to assign Plaintiff to physically strenuous tasks; including outdoor work in extreme weather and climbing ladders, in direct contradiction to medical advice.

8. On June 19, 2024, Plaintiff was pressured by Manager Jay to work outside during thunderstorms. When Plaintiff declined due to safety concerns and medical limitations, an altercation occurred involving another employee, Janet Gore.

9. Plaintiff reported the incident to the General Manager, who acknowledged that Plaintiff was not required to work in the dangerous weather and approved his early departure.

10. As Plaintiff attempted to leave, Janet Gore became aggressive, raising a radio in a threatening manner. A witness, Sara McNally, intervened. Gore later admitted, "Keith did not threaten me."

11. Plaintiff was placed on paid leave and ultimately terminated. HR failed to provide a written explanation for the termination, and Plaintiff was denied access to the RESPECT appeal process due to lack of documentation.

12. Management's behavior toward Plaintiff changed immediately following the workers' compensation claim. Plaintiff was treated unfairly and targeted for termination under Policy 010.

## IV. CAUSES OF ACTION

Count 1: Disability Discrimination (ADA)

13. Plaintiff was disabled or perceived as disabled as defined under the ADA.

14. Plaintiff was qualified to perform the essential functions of his job with or without reasonable accommodation.

15. Defendant discriminated against Plaintiff by failing to accommodate and terminating him because of his disability.

Count 2: Retaliation (ADA & Title VII)

16. Plaintiff engaged in protected activity by reporting unsafe working conditions and asserting his medical limitations.

17. Defendant retaliated by subjecting Plaintiff to hostility and termination.

Count 3: Wrongful Termination

18. Defendant terminated Plaintiff in retaliation for filing a workers' compensation claim and asserting his rights under the ADA.

Count 4: Age Discrimination (ADEA)

19. Plaintiff, aged 60, was subject to age-based comments and treated less favorably than younger employees.

20. Defendant used ageist remarks and perceptions as part of the motive for termination.

V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

- Award back pay and front pay or reinstatement;

- Award compensatory and punitive damages;

- Award attorney's fees and costs (if applicable);

- Grant such other relief as the Court deems just and proper;

- Plaintiff demands a jury trial on all triable issues.

Respectfully submitted,

*Keith Dunbar*

Keith Dunbar

5150 Trump Street, Unit 1401

North Charleston, SC

Phone: 561-343-1217

Email: keithvdunbar@yahoo.com

Pro Se Plaintiff