**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

Keith V. Dunbar,

Plaintiff,

v.

Federal Express Corporation,

Defendant.

Case No. 2:25-cv-03378-RMG

**ORDER**

This matter is before the Court upon the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 156), recommending that the Court grant Defendant's motion for summary judgment (Dkt. No. 132). Plaintiff filed objections to the R&R. (Dkt. No. 159). For the reasons set forth below, the R&R is adopted as the Order of the Court and Defendant's motion for summary judgment is granted.

## I. Background

Plaintiff, acting *pro se*, brought this action against Defendant, his former employer, asserting claims for retaliation and failure to accommodate under the Americans with Disabilities Act ("ADA") and wrongful termination. (Dkt. No. 82). Defendant moved for summary judgment on all of Plaintiff's claims. (Dkt. No. 132). The Magistrate Judge reasoned that, viewing the facts in the light most favorable to Plaintiff, his retaliation claim failed because he could not demonstrate that he was terminated for engaging in protected activity or that Defendant's stated reason for his termination was pretextual. (Dkt. No. 156 at 6-9). As to his claim for failure to accommodate, the Magistrate Judge determined that the record contained no evidence that would allow it to draw a reasonable inference that Defendant denied Plaintiff's request for reasonable accommodation. *Id.* at 10. Finally, the R&R recommended granting summary judgment on Plaintiff's wrongful

termination claim because, among other reasons, Plaintiff proffered no evidence to suggest that he was meeting Defendant's legitimate expectations at the time of his termination. *Id*. at 11.

Plaintiff filed 12 objections to the R&R.[1] (Dkt. No. 159). Defendant filed a response in opposition. (Dkt. No. 160). This matter is now ripe for disposition.

## II. Legal Standard

### A. Report and Recommendation of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the R&R to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. Where a party fails to timely file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation and punctuation omitted).

### B. Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*,

[1] The parties dispute whether Plaintiff timely filed his objections. The Court, however, need not address this issue because, for the reasons outlined below, the Court adopts the R&R as the Order of the Court and grants Defendant's motion for summary judgment.

404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (citation omitted).

**C. Summary Judgment**

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987) (citation omitted). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996) (citation omitted). The party seeking summary judgment shoulders the initial burden of demonstrating that there is no genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

## III. Discussion

Of Plaintiff's 12 objections, only two specifically challenge the R&R: Objections One and Four. The remaining objections either fail to object to an identifiable portion of the Magistrate Judge's proposed findings and recommendations summarized above or rehash arguments that were addressed in the R&R. Thus, this Court will conduct a *de novo* review of only those portions of the R&R to which Plaintiff raises specific objections. The remainder of the R&R will be reviewed for clear error.

### A. Objection One

Plaintiff argues that the R&R improperly characterizes his role in the events that led to his termination. In other words, he claims that the record includes evidence creating a genuine dispute concerning whether he was at fault during an altercation with another employee. (Dkt. No. 159 at 3-6).

Even assuming Plaintiff is correct that he committed no wrongdoing during an altercation with another employee that led to his termination, the Fourth Circuit has held that, in the context of a retaliation claim, "when an employer gives a legitimate, non-discriminatory reason for discharging" an employee, it is not within the province of the courts to "decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's termination." *Hawkins v. PepsiCo, Inc.*, 203 F.3d 274, 279 (4th Cir. 2000) (citation omitted). With this in mind, the record unquestionably shows that Plaintiff was terminated because of his behavior during a verbal altercation with a coworker, in violation of Defendant's employee policies. *See* (Dkt. Nos. 132-5; 132-8; 132-9). Moreover, Plaintiff has neither identified any evidence nor even articulated a theory suggesting that he was terminated for a reason other than his conduct during

the altercation. Therefore, the Magistrate Judge correctly concluded that Plaintiff failed to demonstrate a claim for retaliation.

**B. Objection Four**

Plaintiff argues that the Magistrate Judge erred by construing language in a letter from Defendant to Plaintiff as a typographical error. (Dkt. No. 159 at 7-8). The letter, which concerned Plaintiff's appeal of an earlier warning for violating Defendant's employee policies, stated that Defendant's Vice President of Operations was "uphold[ing] [Plaintiff's] termination." (Dkt. No. 132-6 at 4). The Magistrate Judge concluded that this statement must have been a typographical error because Plaintiff was subsequently placed on paid suspension following the verbal altercation with another employee that led to his termination. (Dkt. No. 156 at 1-2 n.1). Thus, the Magistrate Judge reasoned, Plaintiff could not have been terminated at the time the letter was issued. *Id*.

The Court finds that the Magistrate Judge did not err by construing that statement as a typographical error. Because Plaintiff was terminated for the verbal altercation, he could not also have been terminated for the earlier violation. Indeed, if Plaintiff was terminated for the earlier violation, his claims for retaliation, failure to accommodate, and wrongful termination would necessarily fail, as all his claims are premised on him being terminated because of his role in the verbal altercation with another employee. Therefore, this objection fails.

**C. Remainder of R&R**

As noted above, the Court applies clear error review to the remainder of the R&R and finds none. The R&R is therefore adopted. *See Diamond*, 416 F.3d at 315.

## IV. Conclusion

For the foregoing reasons, the R&R (Dkt. No. 156) is **ADOPTED** as the Order of the Court and Defendant's motion for summary judgment (Dkt. No. 132) is **GRANTED**.

**AND IT IS SO ORDERED.**

s/Richard M. Gergel
Richard Mark Gergel
United States District Judge

October 9, 2026
Charleston, South Carolina